Leon B. Silver  (SBN:  012884)
Chanel A.R. Rizk  (SBN:  036344)
**GORDON REES SCULLY MANSUKHANI, LLP**
Two North Central Avenue Suite 2200
Phoenix, AZ 85004
Telephone:  (602) 794-2493
Facsimile:  (602) 265-4716
lsilver@grsm.com
crizk@grsm.com

Attorneys for Defendant
CrimShield, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Brandon Mitchem,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>CrimShield, Inc.,<br><br>　　　　　　Defendant. | **CASE NO.   2:22-cv-01015-SRB**<br><br>**RESPONSE TO MOTION TO QUASH AND MOTION FOR ORDER COMPELLING ATTENDANCE AT DEPOSITION** |

## I.    RELEVANT FACTS AND PROCEDURE

### A.    Plaintiff's Criminal History

While separated from his now ex-wife, Plaintiff secretly installed hidden cameras in her home, watched her engage in sexual acts with another man, then shared the content of what he saw with, among others, their minor children, his former mother-in-law, various other family members and, at least, one of his customers.  (Exh. 1, State of Delaware v. Brandon Mitchem file document.)  Specifically, the investigating officer testified:

> [Brandon] obtained a recording of her nude and engaging in sexual conduct with another Man.  She further advised, Brandon had sent a picture of her having sex with the man to multiple family members and a customer of his.

(Id., Probable Cause Statement of OFC. Kapa at ¶ 4.)  The Probable Cause Statement goes

on to explain that he had "live feed surveillance" which captured her bedroom, she received a photograph of herself nude and engaging in sexual conduct with another man, from another family member, and that it was the same photograph being sent to multiple people.  (Id.)  Additionally, Mrs. Mitchem reported to police that "…she found Brandon hacking into her email accounts as well as social media accounts" and that "Brandon admitted to doing a "fake" family project where they all took molds of their hands, which Brandon later used to open Laken's phone…."  (Id., Affidavit of Det. Laux at ¶ 7.)

These are the underlying factual allegations behind the several criminal charges brought against Plaintiff in case numbers 2104016117 and 2101011162 in the Superior Court of the State of Delaware and case number 2102003889 in the Family Court of the State of Delaware in 2021. (Exh. 2, Information from Delaware Court.)

As a result of a universal plea agreement, Plaintiff pled guilty to Invasion of Privacy (Class G Felony) [1] and Harassment (Class A Misdemeanor). (Exh. 3, Plea Agreement.) Upon the sentencing of Plaintiff, a *nolle prosequi* was to be entered on all remaining charges on these cases. *Id.* On February 17, 2022, Plaintiff was sentenced to 18 months of probation and ordered to have no contact with the victim(s) Laken Mitchem & Children unless authorized by Family Court Order. (Exh. 4 Sentence Order, dated Feb. 17, 2022). While the sentence was entered on the Court records after the hearing, the *nolle prosequi* was not.

**B.    Crimshield's Background Check**

On February 23, 2022, Plaintiff applied for a job as a Low Voltage Cable Technician with non-party Light Speed Construction Group.  As part of this job, Plaintiff would potentially be allowed into private homes and businesses to install electronic equipment (Exh 5, April 19, 2023 Deposition of Brandon Mitchem 30:11-31:11.)  As part of the application process, Plaintiff consented to a background check. Defendant Crimshield performed that background check, prepared a "background report", and provided a copy

---

[1] The Motion implies that he was only ever charged with misdemeanors.  The Court record belies this claim.

of the report to Light Speed on March 8, 2022.  The background check reported two criminal charges against Plaintiff for Harassment and Violation of Privacy as "guilty" and two charges for Endangering Welfare of Child as "open/pending".  Plaintiff was not hired by Light Speed.

Plaintiff testified that he learned the "open/pending" charges were not "nolled" until at least March 14, 2022, despite Plaintiff having made his guilty plea in February 2022. *Id*. at ¶ 34, (Exh. 6, Notice of Nolle Prosequi.  Exh. 5, Mitchem depo 10:2-11:15)[2]

After the charges were officially "nolled", Plaintiff claims he then emailed a dispute to CrimShield on April 8, 2022, and later forwarded that same dispute to CrimShield on April 14, 2022. Plaintiff alleges that Defendant acknowledged receipt of his dispute but failed to investigate or respond to the dispute within a reasonable time.[3]

**C.     Process Relevant to the Motion to Quash**

Plaintiff filed this lawsuit on June 13, 2023, claiming that Crimshield failed to comply with its statutory duties under the Fair Credit Reporting Act, 15, U.S.C. §§ 1681e(b)[4] & 1681i. In his complaint, subsequent disclosures and at his deposition, Plaintiff claims that Crimshield's failure to investigate the dispute added to the stress and difficulty of trying to get custody of his two children. (See, eg. Doc. 1, at ¶ 58.)

Accordingly, counsel for the parties first discussed, then agreed upon June 8, 2023 as the date for his ex-wife Laken Mitchem's deposition, which was then duly noticed, with a subpoena issued and served on May 24, 2023. (Exh.7 Email Brandon Mitchem v. CrimShield, Inc.: Case No. 2:22-cv-01015 with attached Deposition Notices, service cert.)

---

[2] For this reason, the report issued by Crimshield was admittedly correct at the time it was issued and therefore, this Court granted Crimshield's motion to dismiss as to Plaintiff's claim that it was not correct. (Doc. 35)

[3] To date, Plaintiff has not been able to provide a copy of his emailed dispute, his email forwarding the dispute, or Defendant's remail receipt of such dispute. Rather, Plaintiff claims that his email system is set to automatically delete sent emails and that, despite knowing there could be litigation, he did nothing to preserve the emails he allegedly sent.  (Exh. 5, Depo 60:20-62:6; 69:11-23)  Plaintiff offers no explanation as to why he cannot produce the alleged confirming email he says he received from Crimshield. Meanwhile, Crimshield has no record of any of these emails.

[4] Since dismissed [Doc. 35]

1    Without first having sought a meet and confer or having participated in a joint call

2    with the Court, without responding to counsel's emails offering to accommodate her

3    schedule (See Exh. 8), and after having waited 14 days after being served and until the

4    very day before he deposition, Mrs. Mitchem filed the pending Motion to Quash.[5]  In the

5    absence of an order quashing the subpoena, Plaintiff's counsel proceeded with the

6    deposition and made an appropriate record of Mrs. Mitchem's failure to appear.  (Exh. 9,

7    Deposition of Laken Mitchem.)

8  **II.    ARGUMENT**

9    Mrs. Mitchem and Plaintiff make two arguments in favor of the motion to quash;

10   First, that Mrs. Mitchem does not possess discoverable information because she and

11   Plaintiff were not on speaking terms, she has no knowledge of his mental state, and was

12   not a witness to any of the acts alleged in the Complaint. Second, they argue that

13   compliance will cause her an undue burden. These arguments lack merit.

14   Under Rule 26(b), Fed.R.Civ.P. a party is entitled to discovery of any non-privileged

15   matter that is relevant to any party's claim or defense and is proportional to the needs of

16   the case. Crimshield does not contend that Mrs. Mitchem has any knowledge of Plaintiff's

17   mental state, nor is Crimshield surprised that she is not on speaking terms with Plaintiff

18   given the facts underlying the criminal charges.  However, it cannot be said that she was

19   not a witness to <u>any</u> act alleged in the complaint: She would have witnessed, in some

20   respect, whatever it was that occurred in the child custody proceedings that Plaintiff has

21   put at issue.  Given the specific allegation that Crimshield's failure to investigate his

22   dispute somehow added to the difficulty Plaintiff is experiencing getting custody of his

23   children, Crimshield is entitled to know the details of those proceedings, how, or whether

24   the issue has come up in the those proceedings, how it was resolved, etc., so it can, among

25   other things, gauge what liability it may face.

26   / / / /

27

28   _____

[5] Mrs. Mitchem reports that she retained Plaintiff's counsel for the limited purpose of filing the
motion, thus was aware of all of this Court's requirements before filing a discovery motion.

Contrary to Plaintiff's allegation at page 5 of his Motion to Quash (Doc. 53), Family Court proceedings are confidential, thus a third-party like Crimshield (or its counsel) cannot obtain information from the New Castle Family Court. Nor did Mr. Mitchem provide any meaningful testimony regarding these charges during his deposition (and, in fact, the charges have been misrepresented in this litigation). These circumstances leave Mrs. Mitchem as the only remaining, reliable source for information regarding the impact Crimshield's report had – IF ANY – on Plaintiff's attempts to obtain or modify custodial rights over his children and on whether Plaintiff honestly reported his criminal past to Light Speed.

Additionally, information regarding the underlying criminal acts is also relevant to Plaintiff's claim that but for Crimshield's alleged failure to investigate and provide updated information to Light Speed, he would have more likely been hired by Light Speed. He contends that he fully disclosed the important details of his criminal history during his interview. (Exh. 5, 32:6-35:7.) Crimshield has the right to know the full details underlying the charges and to then ask Light Speed or a jury whether they think he would have been hired if he had been honest in his disclosure. And, of course, whether Plaintiff fully and accurately disclosed his criminal history to Light Speed, as he claims he did, is relevant to his credibility.

As to the undue burden argument, if counsel/Mrs. Mitchem had participated in a meet and confer in good faith, or if she had simply responded to our emails offering to make more convenient arrangements, we could have proceeded with the zoom deposition from her home – just as we agreed to do for Mr. Mitchem. Because we were never given the courtesy of a response to our many email requests, no accommodation was made.

## III.   CONCLUSION

For all of these reasons, Crimshield asks that the Court deny the Motion to Quash (Doc. 53), enter an order compelling Mrs. Mitchem to appear for a deposition (at a time and in a manner convenient to her and Crimshield's counsel), and that, if necessary to

/ / / /

accommodate Mrs. Mitchem, the Court extend the current discovery deadline for the sole purpose of completing the deposition.

Dated:  June 20, 2023

GORDON REES SCULLY
MANSUKHANI, LLP

By: */s/ Leon B. Silver*
        Leon B. Silver
        Chanel A.R. Rizk

        Attorneys for Defendant
        *CrimShield, Inc.*

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this 20th day of June, 2023, I electronically transmitted the

3

foregoing document to the Clerk's Office using the CM/ECF System for filing and

4

transmittal of a Notice of Electronic Filing to all CM/ECF registrants for this matter.

5

McKenzie Czabaj

6

David A. Chami
Daniel Cohen

7

**CONSUMER ATTORNEYS PLC**

8

8245 N. 85th Way
Scottsdale, Arizona 85258

9

mczabaj@consumerattorneys.com
dchami@consumerattorneys.com

10

dcohen@consumerattorneys.com

11

*Attorney for Plaintiff*

12

13

By: */s/ Diane Archie*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1277170/77726721v.1